court entered a permanent injunction that abolished four existing functioning caucus campaign committees without giving the registry proper notice that their claim encompassed a facial challenge to the definition of caucus campaign committee. We're asking this court to prevent a miscarriage of justice by vacating the district court's decision and remanding with direction that the district court dismiss plaintiff's facial challenge to the definition of caucus campaign committee. The complaint in this case, your honor, alleged that the caucus campaign committee contribution limit was unconstitutional. The registry prevailed on this issue in the court below. However, the district court's permanent injunction went beyond what the plaintiff alleged in the complaint to find that the definition enabling the existence of caucus campaign committees to be facially unconstitutional. Due process requires that a defendant receive fair notice of the claim and supporting facts and an opportunity to fully litigate the claim. The facial challenge to the definition of caucus campaign committee was raised as a new theory only during cross motions for summary judgment. The plaintiff had almost a full year to amend his complaint under Rule 15a in the benefit of discovery, but he never did amend the complaint. This subjected the registry to unfair surprise and deprived the registry of the opportunity to fully litigate the claim. The registry had no opportunity to answer to a facial challenge of the definitional statute, no opportunity to present a defense for failure to join a party, and no opportunity to conduct discovery on the issue. The actual existing caucus campaign committees were never parties to the action because Watson's contribution limit that was applicable to caucus campaign committees. When the district court requested a status report on the issues before it, the plaintiff's status report did not identify the definition of caucus campaign committee to be an issue. The case is extraordinary, your honors, because the court effectively abolished political committees who were not parties to the action. It's a plain miscarriage of justice, which this court can address. It involves a pure question of law. It's important to the administration of federal justice. Resolution of the case does not depend on any additional facts that were not presented to the district court. I'll be happy to answer questions that you all have about the statute itself or the challenge below. I'm just wondering why this case isn't moot? The definition of caucus campaign committee has been amended by the legislature in the 2018 session. Our contention is that the amendment by the legislature basically codified into the definition of caucus campaign committee an option that already existed for the Libertarian Party of Kentucky had they gone through the registration of a subdivision committee that could have functioned like the existing caucus campaign committee. They could have done it earlier, but does the legislation make it an easier... They needn't do it at all now, is that correct? They'll still have to go through a committee, they'll still have to go through a registration process with the registry. But they're in the definition now. But they're in the definition now, that's correct. We inserted, or the legislature inserted that language into the definition so that it would give the Libertarian Party of Kentucky a guidepost to what they could have done all along, which is what we would have asserted to the court below if we had been given the fair opportunity to do so. So I guess that's where my question lies. What you're saying is the legislature has done for you what you wish the court would have done for you. So if the legislature did it, why aren't we just done? That's what I'm struggling with. Why aren't we litigating here? What's going on? It looks like you've won the point that you wanted to make. Well, we're here because when we were in the district court, the district court, we prevailed on the issue of the Caucus Campaign Committee contribution limit, which we argue was the only issue that was properly before the court on motion for summary judgment. The definition of Caucus Campaign Committee was never presented as part of the plaintiff's complaint, and they never amended the complaint to include that as an issue before the court. They essentially snuck it in during the summary judgment phase, and we were literally blindsided. So what's the remedy that this court, what remedy are you seeking? I understand the argument that it was raised only in a reply, so it wasn't before the district court. That's the argument, legitimately before the court, and therefore you lacked notice. You couldn't argue it now. What remedy do you believe this court can offer and that is within what you wish? I think that this court can vacate the district court's order that granted the plaintiff's summary judgment. To what end, though? Because everything changed post that order, and the legislative changes affected what you're talking about. What's the need to clean up the record from this decision? The need, frankly, Your Honor, is the need to clean up the record on the decision is so that the plaintiffs don't have prevailing party status on an issue that they didn't properly present to the district court below. But what do they do with their prevailing party status? I mean, I understand you feel like we didn't get the chance to argue this. The district court issued an opinion, and it feels wrong to you because you didn't get to argue it. That's your argument, and they won, and you think they shouldn't have won. But at the end of the day, what are they going to do with that win on that definition in some way that hurts you? That's what I need to know. They're going to seek attorney's fees from the state, and the state will end up having to pay a lot of attorney's fees on an issue that they didn't present in their complaint. So that gives them prevailing party status even though you won on the contribution limits because they won on some definition? Right, see, we prevailed on the issue that was properly before the court, the campaign contribution limit. But the court went a step further and said, well, the contribution limit is constitutional, but I don't like the way that the state has defined these committees. You're worried about attorney's fees? That's what you're worried about? Yes, sir. Why don't you raise that if there is a lawsuit about attorney's fees? You've got a right to make a point if you don't think attorney's fees are justified to argue that in that lawsuit when they bring the attorney's fees case, right? Yes, sir. Why should we decide in this case when that's not the issue? Maybe this is the only place it can really be corrected when the court of appeals reviews it that you would have some kind of forfeiture waiver, or if the court blessed it. We can't really bless it. It's your point, I suppose. Right, that's really my point, Your Honor, because it literally blindsided the agency. And what's the mechanism for them to seek attorney's fees? Well, I'm sorry, Judge Larson. This is the first case I've had that's come to this level, so I mean, I've never had to go through the process of fighting an attorney's fee claim. You file a lawsuit for 1983 attorney's fees under Section 1988, I think it is. That's the way you go about it, and then you adjudicate that claim. I don't see how we can adjudicate a claim that hasn't yet been made here. Can we? I mean, I was wondering if there was something other than a 1988 action for fees that we were talking about. It's true in Ohio that there's a statutory right to fees when you prevail against the state. I think it might be as a matter of right once you are determined to be a prevailing party, I think. I don't know Tennessee, but ... That's Kentucky. I'm sorry, Kentucky, whichever state. I don't know if Kentucky is statutory law, but ... Yes, sir, Your Honor, but in conclusion, I would just like to reiterate that we're here. The reason we're here before you is because the district court entered this permanent injunction that ... What did it enjoin? It enjoined the enforcement of the definition of caucus campaign committee. Judge Larson's point is, and that's been remedied. Your point is it did that without a complaint to answer. With that, correct. The fact that it's been remedied by new legislation is of no moment to that point. Right, it's of no moment to the due process claim. You need a remedy for your due process. That's the problem. Your due process claim is we weren't treated fairly in the court below because we didn't get a chance to argue this thing. What we're still worrying about is what help we can give you. If we just say, gosh, that was bad, you should have let them argue it, but this definition doesn't have any effect. Maybe it has an effect on fees, but going forward, the legislature has changed the definition. Yes, they have changed the definition, but I think that this court still has the authority to vacate the district court's order to the extent that it addressed an issue that wasn't properly before it. In doing that ... It would reverse that aspect of the district court's judgment, and then the judgment would be a different judgment. It would be affirming the campaign committee, whatever, contribution limit, but not affirming the other aspect because it was not presented to the court. Properly. It wasn't properly presented. It was not, right. Thank you so much. Thank you. Good afternoon, Your Honors. Christopher Wiest for Mr. Watson, and not Senator Schickel on this particular appeal. Your Honor, I'm a little bit incredulous about this notion of we didn't receive notice, especially when I review, and we put in our appellate brief, the plain language of the complaint, which specifically cited the definitional section that Ms. Dennis claims she didn't have notice of. Oh, no, that's not enough that it appears in there. I mean, honestly, counsel, there has to be some argument about it. There was, Your Honor, in the complaint. I'm sorry, I thought you just cited the statute itself, the definitional section. It was. So the statute was cited itself, and we quoted the statute at page ID 12 and 13, and then we said in page ID 13 in paragraph 31, KRS 120.150.11 provides for $2,500 per year donation limit to the caucus campaign committees for the House Democrats, the House Republicans, the Senate Democrats, and the Senate Republicans, and then we went on further and we said this allows the caucus campaign committees to funnel funds at two-and-a-half times the normal candidate donation limit to particular races and candidates engaging in viewpoint discrimination to protect Republican and Democratic Party candidates. Your Honor, I don't know what more we can. What is the argument? I don't hear any argument in there. I just hear that this is the situation, and that is unconstitutional, or that is ugly anything, and why? That's what counsel, I think, is asking for. Right, and at page ID 20, paragraph 59, we said the creation of the caucus campaign committees under Kentucky law coupled with their privileged status under Kentucky law is a facially-based viewpoint discrimination, therefore unconstitutional. Then Your Honor, that was the complaint, and we went in and we briefed it in the summary judgment motions, and we were particularly explicit about this. Is counsel just wrong that it was only argued in the reply brief? She's absolutely wrong. I see. Well, we will be able to look at that. I would encourage the court. We cited this. But you agree that that was a decision by the district court that was properly before it? Absolutely, Your Honor. Absolutely. So you agree that this court could review that argument because you take one side of it, and the counsel takes the other, so you say it was before, and counsel says it wasn't, and that's an issue for this court. It is, and I want to address the mootness issue too because, Your Honor, there was legislation that was passed, and the legislation that was passed did add another definition to these caucus campaign committees, but it says that you can have one as long as you do so under regulations promulgated by the registry. They've not promulgated regulations, and that's why this isn't moot. If they would promulgate regulations, we would file a motion to dismiss their appeal as being moot. They haven't done it. I suspect they haven't done it, perhaps, so that, you know, there's some litigation gamesmanship going on, but we want them to promulgate this regulation. There's a point on which they're saying, well, we haven't had any requests. There are no libertarians in the legislature, and we haven't had any need to do this. Is that what they're saying? Well, Your Honor, I think the legislature has gone in and has kind of fixed this, pending them promulgating regulations, and we would agree that as soon as they promulgate regulations allowing libertarians to have this, this case becomes moot. They haven't done it yet. We want them to do it. We wish they would do it. We think that that would remedy the issue and we would all be done, and we wouldn't be dealing with this, and I think that's why the case isn't moot because there's another step that has to happen under the Kentucky law. We would encourage the court to look at KRS 120.015.3b.5 and the specific requirement to promulgate regulations. Your Honor, our brief in this court completely refutes and cites to the record about where these issues were raised below. We've got page IDs. Please, you don't need to take my word for it. You can confirm it. You're going to count on that, okay. Absolutely, and I would encourage this court to do it. I mean, there is absolutely no basis to argue that they did not receive notice. It was plain as day that we were arguing that the operative section along with the definitions. Notice is argument. Notice of the argument. Right? Absolutely. Yep, it's all going to be there. Yep, it's there, Your Honor. It's like Prego. You looked for a minute like you were going to sit down, and I just want to ask about the fees. So, your opponent suggests that the reason this matters to you now is because you want to seek fees, and we're a little puzzled about that, so can you address that issue? Your Honor, the reason this matters now is that my client is still at a, the finger is still on the scale against him with respect to these caucus campaign committees. His party can't have them right now until she promulgates regulations. That's why we're here. That's the issue. And your client would move tomorrow if there were regulations to establish one? They would establish, well, the Libertarian Party, my client's party would do that, although he's an officer of that party, Mr. Watson is. They would move tomorrow to establish one if they could, if there were regulations, and that's what they're waiting on. They absolutely want to have one. They believe that these things are a huge competitive advantage for incumbents in particular, and, you know, it's not okay under federal law to hold the little guy down. You know, the Supreme Court's never said that that's okay, and so that's the issue here. As soon as she promulgates... But the question about fees, I still want an answer to that. Is your client entitled to fees as the judgment stands now? I believe that even if you vacate the judgment, my client is entitled to fees under Buckhannon, and the reason for that is we were a prevailing party below, under 42 U.S.C. 1988, we're entitled to fees, we've achieved a legally sanctioned status quo. Is that as a matter of Kentucky law? It's federal law, Your Honor. I know, but, oh, okay, you're getting it, you're not, there's not a special statute in Kentucky that... No, Your Honor. ...allows for fees against the state. It's 42 U.S.C. 1988. Got it. It's federal. Wouldn't any issue about fees be litigated in the case about fees? It would, Your Honor, and in fact, it would be litigated later in this case, all of the parties agreed, because we all recognize, the Attorney General was up here before, all the parties agreed that this case is going to have additional appellate proceedings, possibly all the way up to the United States Supreme Court, given some of the cutting edge issues, and everybody's, there's an order that was put on in the record that says, look, we will deal with the issue on motions for fees after all the appellate proceedings are over, which makes sense. The issue wouldn't be, there wouldn't be an issue of fees if you weren't a prevailing party. That's true. And that's something that is before this court. The issue of whether or not it was a forfeited claim. That's, well, that is correct. Yes. If we didn't raise it, then. Right. So the amount of fees is going to be decided, maybe both the right to fees and the amount, but this would be a step short of that, is to determine whether or not there's a right to fees because of prevailing or not prevailing. Well, Your Honor, I don't even know that the prevailing party issue is before this court right now. That's typically all litigated later, but certainly the merits of the case and whether or not we were entitled to the injunction is before this court. Let me ask one more question. Your opponent in the brief, anyway, suggests that you can go ahead and organize caucus campaign committees and that they have so informed you. So can you talk to us about that? Your Honor, here's the concern with that. They can say that until, I guess they can say that in this brief. We don't believe that the law allows for that under the plain language of the law that requires the promulgation of regulations. And as a practical matter, let's assume that, you know, we would take them up on that offer and file it. And then we go out and we raise a bunch of money in furtherance of legislative candidates. And then in comes the Republicans and the Democrats in October and gets an injunction in state court and says, you can't do this. They haven't promulgated regulations. So that's the concern. The argument here is that the legislation didn't change anything, that the option to organize was always there, that the legislation, that same doorway was open before. That's not true. I know that, but that's definitely a challenge, isn't it? Your Honor, you know, it's interesting. It certainly wasn't brought up in the briefing below, and I think they've waived that argument in part. I mean, they didn't raise it at all before the district court. It's nowhere to be found in any of their briefing. Only after they lost did they start raising these things for the first time on appeal. And I think they've waived it for one. But two, it is interesting to me when you look at all the pleadings in this case, and there was a lot of them. There were status updates that the district court wanted as we were going through. This never appears. The defense of, you're not harmed because you can do it anyways, doesn't appear in any response. And there was extensive briefing in this case. I don't know whether it's in there or not. I know counsel said it today, so I wanted to explore that with you. It was not raised below, Your Honor. That's your stance. Got it. And I can tell you there's nothing in the record that would suggest that. In fact... That's exactly where we'll go. Right. And the district court suggested that they're raising a lot of this stuff for the first time. In one case, it was the reply to the motion for reconsideration. And if you look at the district court's order, they rejected one argument on that. He rejected one argument on that basis. This was raised nowhere below. If there's no other questions, Your Honor, I will sit down. Thank you. Thank you, counsel. Thank you. Thank you so much again. The caucus campaign committees, by definition, are legislative leadership committees. They're not super PACs. They were defined by the legislature in 2005. The definition is closely drawn to reflect the reality of caucus groups within the state legislature. Control is vested in the existing legislative caucus group, not in political parties. And disclosure of the funds raised and spent by a caucus campaign committee serves the sufficiently important government interest of preventing quid pro quo corruption or the appearance of quid pro quo corruption. It's true that the definition of caucus campaign committee was changed after this appeal was filed. But the Libertarian Party of Kentucky had the option of establishing a subdivision of their state executive committee to function in the same way as a caucus campaign committee. They could register their caucus campaign committee. All of this was argued to the district court. Would you confirm that? Because you see the argument is it was not. This argument, the argument about caucus campaign committees being controlled by the legislature and that they are closely drawn to serve a sufficiently important government interest, that was argued to the court below. That was argued to the court below. Now, the fact that the Libertarian Party of Kentucky had only received its recognition as an executive committee of a political party, that was raised in the motion to reconsider after the court's initial opinion. The reason it was only raised then was because we never, as an agency, understood this case to be a challenge to the definition of caucus campaign committee. We always understood it to be a contribution limits issue. If you look very closely, the court's order was an anomaly because it upheld the contribution limit, but it struck down the definitional statute. That was our problem. That came as a surprise to the state. It came as a surprise. It abolished committees that were existing that weren't even parties to the case below because the complaint did not specify that the relief sought was this invalidation of the definition. That's where we should look, at the prayer for relief. Right. Yes, sir. They sprung it on us at summary judgment during cross motions for summary judgment. In a reply. Not in a reply, but in the initial cross motion. I argued the constitutionality of the statute just as I've done to you about these being parts of legislative leadership committees. The bottom line is that for a plaintiff to succeed on a facial challenge to a statute, the plaintiff must show that there's no set of circumstances under which the law would be valid. This law is valid. I honestly believe that the court did not, did not, I honestly believe that we did not have proper notice of the claim below because it was presented. Alright, now counsel, your time expires. Thank you. We appreciate those arguments. Thank you so much. Thank you. Okay. If the court has your matter, we will consider it and issue an opinion in due course. Thank you.